## RICHARD EDWARDS

*v.*

## H. HARTT *et al.*

CONTRACT—*exchange of articles—demand, when necessary.* Where the plaintiff exchanged a printing press with the defendant for a smaller one, and a safe valued at $300, and there was no time specified for the delivery of the safe, and the plaintiff was to take it at defendant's place of business where it was kept, it was *held*, that the plaintiff could not recover the amount payable in such safe, without specifically demanding it of the defendant. Until demand, the defendant could not be in default for not tendering it.

APPEAL from the Superior Court of Cook county; the Hon. WILLIAM A. PORTER, Judge, presiding.

Mr. FRANCIS A. RIDDLE, for the appellant

Messrs. KING, SCOTT & PAYSON, for the appellees.

Mr. JUSTICE McALLISTER delivered the opinion of the Court:

This was *indebitatus assumpsit*, brought by Hartt & Co. against Edwards, for goods sold and delivered, work, labor,

etc. Pleas, the general issue and set-off. Jury waived by agreement and cause tried by the court. Finding for plaintiffs with damages $599.15. The bill of exceptions purports to contain all the evidence. No exception was taken to the admission or exclusion of evidence, therefore no question can be raised on such grounds. The only question properly before us is, whether the finding is supported by the evidence.

The record shows a clear weight and preponderance of the evidence as to all items of plaintiff's demand except one, which is alone worthy of special consideration. The parties made an exchange of printing presses. The trade was conducted for plaintiffs solely by Hartt, who is really the only witness on their behalf upon this point. Edwards wanted to print an eight-page paper. Hartt says, "I told him I had just the press. He (Edwards) wanted to know what I would want? I told him $250. Edwards replied, 'I will give you a $300 safe.'" Witness said, "All right." Witness stated that defendant had not furnished him any $300 safe or $250 in cash, and he had charged it up to him.

Plaintiffs' counsel then asked: "Did he agree to pay $250 in cash, or $300 in a safe?" Ans. "$300 in a safe." Ques. "Agreed to pay a safe worth $300?" Ans. "Yes." Witness proceeded to state that defendant had not furnished the safe or paid the $250, when his counsel pressed him with this question: "And that was the price he agreed to pay, either $250 in cash or $300 in a safe?" Ans: "That was the bargain I made with him. I told him $250 in cash or a safe." This last answer was drawn out of the witness by a leading question, much in the nature of a cross-examination, by his own counsel, and is not consistent with his previous statement of the contract. Some attempts were made to corroborate this witness in his last answer, but were unsuccessful, and the defendant's testimony corresponds with that first given by Hartt, that he agreed to give plaintiffs a safe worth $300, as the difference, in place of $250 cash.

It appears, from the uncontradicted testimony of the defendant, that, at the time of making the contract, he had a safe then at his place of business, where the contract was made, and to which it related; that plaintiffs agreed to put up the press which they were exchanging for an Arnold press, and, for the difference, they were to have this safe, which they were to take away when they put up the press; that the safe was kept in readiness for them, but they had never asked for it. Nor is it pretended that any demand of the safe was made on behalf of plaintiffs before suit brought.

As no time was specified for the delivery of the safe, and the plaintiffs were to take it, a cumbrous article, at defendant's place of business, where it was kept ready for them, we are aware of no principle of law which would allow them to recover the amount payable in this specific article, without first specifically demanding it of the defendant. The plaintiffs were to be the actors by going to take the article away or demanding it; and, until demand, the defendant could not be in default for not tendering it to them. 2 Parsons on Cont. 649, and cases cited in note (a).

The court below allowed plaintiffs the item of $250 as the difference between presses exchanged, without the requisite proof to support it.

For this error the judgment must be reversed and the cause remanded.

*Judgment reversed.*